**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ENRIQUE QUIROZ** | § | |
| | § | |
| | § | **A-08-CR-93-SS** |
| **v.** | § | **(A-10-CA-113 SS)** |
| | § | |
| **WARDEN, FCI FORT WORTH,** | § | |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court is Enrique Quiroz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

On July 14, 2008, Petitioner Enrique Quiroz ("Petitioner") pled guilty, pursuant to a plea agreement, to Count One of an Indictment alleging conspiracy to possess with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(B). *See* A-08-CR-093(1)-SS. On October 8, 2008, the Honorable Sam Sparks sentenced Petitioner to120 months imprisonment, followed by a four-year term of supervised release, an order of forfeiture and a $100 special assessment. *See* Judgment and Commitment in A-08-CR-093(1) SS (Clerk's Docket

No. 23). Petitioner did not file a direct appeal of his conviction or sentence and is currently incarcerated at the Federal Correctional Institute in Fort Worth, Texas.

On February 17, 2010, Quiroz filed the instant Petition under 28 U.S.C. § 2241 arguing that his sentence is illegal and should be declared "void as a matter of law" because the crack-to-cocaine sentencing ratio used by the District Court to calculate his offense level was unconstitutional. On March 15, 2010, the Court notified Petitioner that it intended to construe his Petition as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, since his claims were outside the proper scope of a § 2241 petition. See Order, Clerk's Docket No. 3. In the Order, the Court warned Petitioner that if the Court did characterize his petition as a § 2255 motion then Petitioner may be prohibited from asserting additional § 2255 claims in the future and from filing a subsequent § 2255 motion. *See* 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). Accordingly, the Court gave Petitioner 45 days to either supplement his motion with additional grounds or to voluntarily withdraw his motion. Petitioner failed to respond to the Court's Order. Accordingly, the Court will construe his petition as a § 2255 motion.

## II. ANALYSIS

Because Petitioner has only alleged errors that occurred during or before his sentencing, his claims are outside the proper scope of a § 2241 motion and his petition should therefore be construed as a § 2255 motion. See *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). However, the Court cannot address the merits of Petitioner's motion because it is time-barred under the one-year period of limitations contained in the Anti-terrorism and

Effective Death Penalty Act ("AEDPA") of 1996. Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Petitioner has not alleged or produced any evidence or argument that the Government has impeded him from filing a § 2255 Motion prior to the end of the limitations period. Nor has the Petitioner alleged that his claims concern a constitutional right recently recognized by the Supreme Court (or any other court) that would have a retroactive effect on his claims. Therefore, Petitioner's ability to file a § 2255 motion is governed by subsection (1) of the one year limitation period and the period begins running on the date on which his judgment of conviction became final. Section 2255(1) does not define when a judgment of conviction becomes "final" for purposes of the limitation period. However, the Fifth Circuit has held that a defendant's conviction becomes final when the appeal becomes final or the time for seeking further direct review expires. *United States*

*v. Thomas*, 203 F.3d 350, 353-356 (5th Cir. 2000). Because Petitioner did not file a direct appeal, his conviction and sentence became final for purposes of the one-year limitation period on October 18, 2008—10 days after the district court executed the judgment in his case. Thus, Petitioner had until October 18, 2009, in which to file his § 2255 motion. However, Petitioner did not file his motion until February 5, 2010,[1] several months after the AEDPA deadline. Accordingly, his § 2255 motion is time-barred under the AEDPA and must be dismissed.

Presumably, Petitioner was attempting to avoid the one year statute of limitations by filing his motion under § 2241. While a § 2241 petition that seeks to challenge a federal sentence or conviction may be entertained under the so-called "savings clause" provision of § 2255, the failure to *timely* file a motion under § 2255 does not make that remedy ineffective or inadequate within the meaning of the savings clause provision. *See Pack*, 218 F.3d at 452. Accordingly, even if the Court was permitted to make a savings clause determination in this case—which it is not[2]—Petitioner would not be able to demonstrate that his case falls within the savings clause provision of § 2255. Accordingly, Petitioner's § 2255 Motion should be dismissed as untimely under the AEDPA.

---

[1]Petitioner signed the motion and presumably placed it in the prison mail on this date. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed when the prisoner tenders it to prison officials for mailing); see also *United States v. Petty*, 530 F.3d 361, 363 n. 1 (5th Cir. 2008) (extending *Spotville* to a § 2255 motion).

[2]As the Court noted in its previous Order, only the Northern District of Texas has jurisdiction to make the savings clause determination in this case since that is where the Petitioner is incarcerated. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

## III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court construe Enrique Quiroz's petition as a Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255, and that it be **DISMISSED** as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the undrsigned **RECOMMENDS** that a certificate of appealability not be issued.

**V. WARNINGS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of July, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE